Argued October 7, affirmed December 12, 1974

LEMON, *Respondent, v.* DESCHUTES VALLEY
FARMS, INC. ET AL, *Appellants.*

**528 P2d 1339**

*James C. Goode* of Goode, Goode, Decker & Hinson, P.C., Albany, argued the cause and filed a brief for appellants.

*Stephen A. Hutchinson* of Hutchinson, Harrell, Cox & Teising, Eugene, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

O'CONNELL, C. J.

This is an action at law to recover money for services rendered to defendants by plaintiff. The defendants appeal from a judgment for plaintiff rendered by the court sitting without a jury. The only ground alleged for appeal is the insufficiency of the evidence to support the judgment.

The complaint alleges that plaintiff performed wheat combining services for defendants at their request, for which plaintiff made demand and which defendants refused to pay. Defendants answered by way of a general denial and an affirmative defense that any monies which may have been due to plaintiff had been paid.

It is undisputed that there was an agreement for the combining services and that the services were performed. However, the request for the services was made by defendant Riemenschneider, manager for Deschutes Valley Farms, to one Gary Adams, acting for plaintiff without disclosing to defendants that Adams was acting only as agent for plaintiff. At the time of the agreement, plaintiff had just completed or was in the process of completing the purchase of all the farming equipment owned by Gary Adams and the equipment was still on the Adams farm.

Prior to this time Gary Adams and his father, Carson Adams, operating as Adams Farms, had carried on extensive farming operations which included farming their own lands, providing various services to others such as combining, and purchasing potatoes for a potato wholesaler and processor. In the course of conducting this business Carson Adams, prior to his death in 1971, purchased potatoes from defendants' predecessor, Double R and C Ranch. The agreed price had

not been paid and Double R and C treated this as an unpaid account owing from Adams Farms. Plaintiff attempted to show that Carson Adams had purchased the potatoes on behalf of the Irish Bend Co., a potato wholesaler, acting as the latter's agent.

After Carson's death, defendant Riemenschneider continued to press this claim against Gary Adams. During the spring of 1972 Riemenschneider and Adams met, primarily to discuss the disputed claim. Defendants' version of the meeting is that Adams agreed to render combining services in satisfaction of the debt. Adams' version is that he continued to dispute the debt and agreed to provide combining services without reference to the debt.

The services were in fact performed between August 27 and September 13, 1972. The machine used in performing these services belonged to plaintiff and was operated by an employee of plaintiff. There was testimony by the operator that he told defendant Riemenschneider that he worked for plaintiff. Plaintiff himself testified that he discussed the combining job with defendant on the second or third day of the work in such a way that plaintiff's interest in the contract was readily apparent. Defendant denied notice of plaintiff's interest.

As an additional basis for its defense of payment, defendant testified that after the work was completed Gary Adams and Riemenschneider disagreed as to the value of the services and as a compromise agreed to cancel the potato account with the combining bill. Mr. Adams denied this.

Defendants' brief does not develop the theory upon which they are entitled to prevail, other than to

emphasize that (according to their interpretation of the evidence) plaintiff failed to inform them of his ownership of the equipment which was ostensibly still in Adams' ownership and that Adams agreed to treat the debt owing to defendants as payment for the combining services. These assertions are not put into any specific framework of legal theory upon which to predicate defendants' defense of payment. It is possible to regard plaintiff as an undisclosed principal acting through his agent Gary Adams.

■■ Payment to the agent of an undisclosed principal is effective until disclosure of the principal's interest.[1] Therefore, defendants can prevail on this theory on appeal only if the only possible construction of the evidence supports their theory that Adams agreed to accept cancellation of the potato account as payment before disclosure of plaintiff's position as principal. Since there was substantial evidence that such disclosure was made before completion of the work, any subsequent agreement with Adams as principal would be ineffective.[2]

Thus, defendants are dependent upon a favorable construction of the original agreement to perform the work. The trial court, however, was entitled to accept Gary Adams' version of this agreement as one independent of the alleged account. Because there is sufficient evidence to support plaintiff's claim and to defeat defendants' defense of payment, we must affirm.

[1] Restatement (Second) of Agency, §§ 207, 308 (1958).
[2] *Id.*